UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY WARNER, | Case No. |
| Plaintiff, | |
| v. | Amount Claimed: $3,000 plus costs of suit and attorneys' fees |
| BOYD & KUMMER, LLC | |
| Defendant. | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JEREMY WARNER, ("Plaintiff"), by and through its attorneys, SPILOTRO LAW GROUP, LLC, and complains against the Defendant, BOYD & KUMMER, LLC ("Defendant"). In support, Plaintiff states as follows:

### Introduction

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. Defendant has engaged in unlawful collection activities by failing to give proper notice regarding the validation of debt, improper communications with a party represented by counsel, and filing a consumer debt collection suit in an improper venue.

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction pursuant to 12 U.S.C. § 5565(a), as this dispute is "brought under Federal consumer financial law." As the matter also deals with federal statutory law, the Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper as both parties reside or have their principal place of business in the Northern District of Illinois, and the events that gave rise to the suit occurred in the Northern District of Illinois. 28 U.S.C. § 1391(b).

### Parties

5. Plaintiff is an individual residing in Illinois.

6. Defendant is a law firm organized as a limited liability company in the state of Illinois that has offices in the Northern District of Illinois.

7. Defendant regularly collects or attempts to collect consumer debts on behalf of the original creditors.

8. Defendant, therefore, is a "debt collector" under the definitions of the FDCPA, 15 U.S.C. § 1692(a)(6).

### General Allegations

9. Since at least June 15, 2017, Defendant has regularly attempted to collect consumer debts on behalf of the original creditors

10. More specifically, on or before June 15, 2017, Defendant was retained by The Griffing Group, LLC ("Griffing") to collect a consumer debt from Plaintiff.

11. The debt in question related to services provided by Griffing as part of divorce proceedings in which Plaintiff was engaged, and Plaintiff was therefore a "consumer" in relation to this alleged debt. 15 U.S.C. § 1692(a)(3).

12. The debt in question was allegedly incurred by Plaintiff for these personal reasons, and therefore is considered "debt" under the terms of the FDCPA. 15 U.S.C. § 1692(a)(5).

### Count I – Violation of 15 U.S.C. § 1692(c)(a)(2).

13. Plaintiff reincorporates the allegations of Paragraphs 1-12 as though alleged herein.

14. On or about June 15, 2017, Defendant sent a demand letter to Plaintiff at his office in Northbrook, Illinois. A copy of this letter is attached hereto as **Exhibit A.**

15. As part of the letter, Defendant also listed Plaintiff's counsel, Spilotro Law Group, in the address block of the letter, evidencing that it had knowledge that Plaintiff had retain counsel in connection with the debt. See **Exhibit A.**

16. Under the FDCPA, a debt collector "may not communicate with a consumer in connection with the collection of any debt" where the debt collector knows said consumer is represented by counsel in connection with that debt. 15 U.S.C. § 1692(c)(a)(2).

17. Defendant, as shown by its inclusion of Plaintiff's counsel's address, was aware that Plaintiff was represented by counsel in connection with the debt, but contacted Plaintiff directly regardless, thereby violating the FDCPA.

WHEREFORE, the Plaintiff, JEREMY WARNER, prays for Judgment against the Defendant, BOYD & KUMMER, LLC, in the sum of $1,000, as well as attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1692(k), and any other relief this court finds just and equitable.

<u>Count II – Violation of 15 U.S.C. § 1692(g)(a)(4).</u>

18. Plaintiff reincorporates the allegations of Paragraphs 1-17 as though alleged herein.

19. The FDCPA obligates the debt collector to include in its written demand letter certain information relating to the collection of debts. 15 U.S.C. § 1692(g)(a).

20. These requirements include notices that the debtor has 30 days in which to dispute the validity of the debt and ask for verification of the same. Id.

21. Defendant's demand letter, sent on June 15, 2017, does not include these statutorily required notices, and instead gives Plaintiff, in clear contravention of the FDCPA, only 14 days to make payment before filing suit. See **Exhibit A.**

3

22. By failing to include the required notices, Defendant violated the plain terms of the FDCPA.

WHEREFORE, the Plaintiff, JEREMY WARNER, prays for Judgment against the Defendant, BOYD & KUMMER, LLC, in the sum of $1,000, as well as attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1692(k), and any other relief this court finds just and equitable.

<u>Count III – Violation of 15 U.S.C. § 1692(i).</u>

23. Plaintiff reincorporates the allegations of Paragraphs 1-22 as though alleged herein.

24. Defendant, having failed to collect on the alleged debt, filed a lawsuit, on August 23, 2017, in the Circuit Court of Illinois, Municipal Department, First District, in order to get judgment against Plaintiff. A copy of the Complaint, since dismissed, is attached hereto as **Exhibit B.**

25. The FDCPA mandates that any legal action undertaken by a debt collector to collect a consumer debt must be brought in the judicial district in which either the contract was signed, or in which consumer resides. 15 U.S.C. § 1692(i).

26. The Municipal Department of the Circuit Court of Cook County is divided into six geographic units, and, for the purposes of the FDCPA, the correct venue is only that district of the Municipal Department that covers that geographic part of Cook County. See *Suesz v. Med-1 Solutions*, 757 F.3d 636, 643 (7th Cir. 2014).

27. More specifically, the suit was filed in the First District, which corresponds only to Chicago, whereas Plaintiff resides in Northfield, Illinois, and signed the contract in Northbrook, Illinois, both part of the Second District, and Defendant has not pled that the contract was signed in any other location. See **Exhibit B.**

28. By filing the suit in an inappropriate venue, Defendant violated the FDCPA.

4

WHEREFORE, the Plaintiff, JEREMY WARNER, prays for Judgment against the Defendant, BOYD & KUMMER, LLC, in the sum of $1,000, as well as attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1692(k), and any other relief this court finds just and equitable.

                                          Respectfully Submitted,
                                          **Jeremy Warner,**
                                          Plaintiff herein,

                                          _____
                                          One of Its Attorneys

Daniel Spilotro
Spilotro Law Group, LLC
6160 N. Cicero Ave., Ste 122
Chicago, IL 60646
(773) 451 – 9191
IARDC #6256708